# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| PRISCILA ELEN DE SOUZA LIMA, as Personal Representative of the Estate of AILTON CESAR JUNIOR ALVES DA SILVA, deceased, | CASE NO. _____ |
|  | LOWER CASE NO. 2018-039581-CA-01 |

BÁRBARA CALAZANS MONTEIRO, as
Personal Representative of the Estate of ANANIAS
ALOI CASTRO MONTEIRO, deceased,

GIRLENE CAMPINHO AZEVEDO
DOMINGUES, as Personal Representative of the
Estate of BRUNO RANGEL DOMINGUES,
deceased,

ARIADINY PATRICYA WEBER, as Personal
Representative of the Estate of EMERSON FABIO
DIDOMENICO, deceased,

PATRÍCIA LUANA GROZA DA SILVA
GIMENEZ, as Personal Representative of the
Estate of GUILHERME GIMENEZ DE SOUZA,
deceased,

VALDÉCIA BORGES DE MORAIS PAIVA, as
Personal Representative of the Estate of JOSE
GILDEIXON CLEMENTE DE PAIVA, deceased,

AQUINOAN DE SOUSA CARVALHO, as
Personal Representative of the Estate of LUCAS
GOMES DA SILVA, deceased,

HÉLIO HERMITO ZAMPIER NETO,

ULRIKE OHLWEILER, as Personal
Representative of the Estate of ANDERSON
RODRIGUES PAIXAO DE ARAUJO, deceased,

DAIELLI FAUSTINO KEMITC DA SILVA, as
Personal Representative of the Estate of
MATHEUS BITENCOURT DA SILVA, deceased,

GRAZIELE DE AQUINO ALVES VIEIRA, as
Personal Representative of the Estate of TIAGO
DA ROCHA VIEIRA ALVES, deceased,

JAKSON RAGNAR FOLLMANN,
SUELLEN NERY DOS SANTOS, as Personal
Representative of the Estate of MARCELO
AUGUSTO MATHIAS DA SILVA, deceased,

ROSÂNGELA MARIA DOS SANTOS SILVA
LOUREIRO, as Personal Representative of the
Estate of CLEBER SANTANA LOUREIRO,
deceased,

SUSANA RIBAS PEREIRA DE JESUS, as
Personal Representative of the Estate of WILLIAN
THIEGO DE JESUS, deceased,

ALINE PENTEADO PEREIRA MACHADO, as
Personal Representative of the Estate of FILIPE
JOSE MACHADO, deceased,

VENELANDA DUMKE, as Personal
Representative of the Estate of ANDERSON
ROBERTO MARTINS, deceased,

LETÍCIA DOS ANJOS GABRIEL, as Personal
Representative of the Estate of MARCOS DANILO
PADILHA, deceased,

PAULINHO GOBBATO, as Personal
Representative of the Estate of RAFAEL CORREA
GOBBATO, deceased,

LUIZ MAURO GROHS, as Personal
Representative of the Estate of LUIZ FELIPE
GROHS, deceased,

AJUSSARA ENRISCO, as Personal Representative
of the Estate of RAFAEL VALMORBIDA,

GRACIELA MISSEL, as Personal Representative
of the Estate of MARCIO BESTENE KOURY,
deceased,

ILKA APARECIDA LABES PEIXOTO, as
Personal Representative of the Estate of DELFIM
PADUA PEIXOTO, deceased,

2

SANDRA JACQUELINE MADRID LUCAS
CASTILLO, as Personal Representative of the
Estate of ANDERSON DONIZETI LUCAS,
deceased,

DICLEIA JOHANN DE JESUS, as Personal
Representative of the Estate of SERGIO LUIZ
FERREIRA DE JESUS, deceased,

AMANDA DOS SANTOS MACHADO, as
Personal Representative of the Estate of DENER
ASSUNCAO BRAZ, deceased,

ALAN RUSCHEL,

ANA CLAUDIA SEVERO, as Personal
Representative of the Estate of EDUARDO LUIS
PREUSS, deceased,

FABIENNE BELLE, as Personal Representative of
the Estate of LUIS CESAR MARTINS CUNHA,
deceased,

EZIQUIELA CALDERON GALIOTTO, as
Personal Representative of the Estate of GELSON
GALIOTTO, deceased,

CRISTIANI VICENTINI, as Personal
Representative of the Estate of RENAN CARLOS
AGNOLIN, deceased,

FERNANDA AMORIM DE ABREU, as Personal
Representative of the Estate of ARTHUR
BRASILIANO MAIA, deceased,

MAURI ANTONIO DA SILVA, as Personal
Representative of the Estate of BRUNO MAURI
DA SILVA, deceased,

ADRIANA DE OLIVEIRA SAROLI, as Personal
Representative of the Estate of LUIZ CARLOS
SAROLI, deceased,

SUELI SALETE DE CASTRO, as Personal
Representative of the Estate of EDUARDO DE
CASTRO, deceased,

EAST\176106967.1

XIMENA SUAREZ OTTERBURG,

RAQUEL DONAIDE CORONEL BENAGAS, as
Personal Representative of the Estate of
GUSTAVO FELICIANO ENCINA NUNEZ,
deceased,

ELIZETH ANDREINA SANDOBAL
GONZALEZ, as Personal Representative of the
Estate of ANGEL EDUARDO LUGO UGAS,
deceased,

OVIEDO VON BORRIES CABALLERO, as
Personal Representative of the Estate of SISY
GABRIELA ARIAS PARAVICINY, deceased,

EDWIN TUMIRI CHOQUE,

PAMELA JUSTINIANO PEDRAZA as Personal
Representative of the Estate of ROMMEL DAVID
VACAFLORES TERRAZAS, deceased,

FLORA TARQUI AVILA as Personal
Representative of the Estate of ALEX RICHARD
QUISPE GARCIA, deceased,

LUCAS CASAGRANDE DAL BELLO as Personal
Representative of the Estate of MAURO LUIZ
DAL BELLO, deceased,

       Plaintiffs,

v.

LINEA AEREA MERIDA INTERNACIONAL DE
AVIACION d/b/a LAMIA CORPORATION
S.R.L., a foreign corporation, KITE AIR
CORPORATION LTD., a foreign corporation,
MARCO ANTONIO ROCHA VENEGAS,
RICARDO ALBERTO ALBACETE VIDAL, AON
UK LIMITED, a foreign corporation, BISA
SEGUROS Y REASEGUROS, S.A., a foreign
corporation, TOKIO MARINE KILN
SYNDICATES LIMITED, a foreign corporation,
and JOHN DOES 1-25, foreign corporations,

       Defendants.

4

EAST\176106967.1

_____/

## PUTATIVE DEFENDANT TOKIO MARINE KILN SYNDICATES LIMITED'S
## NOTICE OF REMOVAL

Putative Defendant TOKIO MARINE KILN SYNDICATES LIMITED ("**Tokio Marine**

**Kiln**"),[1] by and through its undersigned attorneys and pursuant to 28 U.S.C. §§1441 and 1446,

hereby gives notice of the removal to this Court of the case styled PRISCILA ELEN DE SOUZA

LIMA, et al v. LINEA AEREA MERIDA INTERNACIONAL DE AVIACION, et al., filed in the

Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No.

2018-039581-CA-01 (the "**State Court Case**").  As grounds for this removal, Tokio Marine Kiln

states:

## I.     FACTUAL BACKGROUND

The State Court Case arose out of the November 28, 2016 crash of LaMia Flight 2933

("**Flight 2933**"), which originated in Santa Cruz, Bolivia, with the ultimate destination of

Rionegro, Colombia.  Flight 2933 was carrying the Brazilian Chapecoense soccer team.  The plane

descended into the mountainous region near Medellin, Colombia, where it crashed, killing 71

individuals and injuring 6 others on board.  Flight 2933 was allegedly operated by Defendant

LaMia.  Plaintiffs represent 43 of the individuals who were injured or killed in the accident.

Plaintiffs filed their original Complaint in the State Court Case on November 27, 2018

---

[1]     Tokio Marine Kiln avers that this Court lacks personal jurisdiction over Tokio Marine Kiln. Tokio Marine Kiln files this Notice of Removal without waiver and with express reservation of all jurisdictional defenses and objections, and appears specially and for the expressly limited purpose of filing this Notice. Tokio Marine Kiln is also not waiving but expressly preserving all other jurisdictional defenses including but not limited to the right to arbitration of any and all claims alleged to derive from the insurance policy issued to Defendant LaMia, and that in all claims arising out of the Montreal Convention, discussed, *infra*, transportation by air may only be brought in the forums specified in Article 33 of the Convention.

against LINEA AEREA MERIDA INTERNACIONAL DE AVIACION d/b/a LAMIA CORPORATION S.R.L., a foreign corporation (**"LaMia"**), KITE AIR CORPORATION LTD. (**"Kite"**), MARCO ANTONIO ROCHA VENEGAS (**"Rocha Venegas"**), and RICARDO ALBERTO ALBACETE VIDAL (**"Albacete Vidal"**). On or about June 29, 2020, Plaintiffs obtained a default against LaMia (**"Default"**) and on or August 12, 2020, after obtaining the Default, Plaintiffs obtained judgments against LaMia, Kite, Rocha Venegas and Albacete Vidal (**"Judgments"**), totaling approximately $844,000,000.00.

On or about August 11, 2020, Plaintiffs filed a Motion for Leave to File Third Amended Complaint (**"Motion for Leave"**), attaching a proposed Third-Party Complaint, which asserts causes of action against three new putative defendants, Tokio Marine Kiln, BISA SEGUROS Y REASEGUROS, S.A. (**"BISA"**), and AON LIMITED UK. (**"AON"**), together with John Does 1-25. Plaintiffs continued to name LaMia, Kite, Rocha Venegas, and Albacete Vidal in the Third Amended Complaint. A copy of the Motion for Leave, together with the proposed Third-Party Complaint is attached hereto as **Exhibit A**.

In their proposed Third Party Complaint, Plaintiffs attempt to make BISA, Tokio Marine Kiln and AON liable for the approximately $844,000,000.00 in Judgments and in furtherance thereof, Plaintiffs allege that "BISA was the insurance company that provided flight insurance covering the subject accident." Third Party Complaint at ¶ 90. According to Plaintiffs, AON "was and is the insurance broker who placed the flight insurance policy covering the subject accident." *Id.* at ¶ 91. Per Plaintiffs, "Tokio Marine was and is the lead reinsurer subscribed the reinsurance policy covering the subject accident." *Id.* at ¶ 92. Lastly, John Does 1-25 are alleged to be "entities subscribed to the reinsurance policy covering the accident," included because "Plaintiffs do not presently possess a copy of the flight reinsurance policy," and so the identities of John Does 1-25

are unknown, such that Plaintiffs will seek to amend once they obtain a copy of the flight reinsurance policy.  *Id.* at ¶ 93.

The Third Party Complaint attempts to assert state common law causes of action against AON, BISA, and Tokio Marine Kiln.  At Paragraph 193, Plaintiffs allege that: "The flight insurance policy [AON] ultimately obtained left LaMia exposed in numerous respects, and it deprived the Plaintiffs of compensation *for their significant injuries and damages.*"  *Id.* at ¶ 193 (emphasis added).  At paragraph 203, the Third Party Complaint alleges:

> BISA was and is the insurance company, which contracted to provide flight insurance to LaMia. BISA entered into a contract to provide flight insurance to LaMia for its business operations. *The policy was enforceable and in effect at the time of the subject accident, and it provided that BISA would provide coverage for the subject accident* and defend LaMia, its insured, it litigation arising from a covered event. Despite these provisions, BISA refused to defend LaMia in the litigation and to cover the subject accident.

*Id.* at ¶ 203 (emphasis added).

Lastly, at Paragraph 213, notwithstanding Plaintiffs' acknowledgment that they do not have a copy of the reinsurance policy, the Third Party Complaint asserts that:

> Tokio Marine was and is the insurance company, which contracted to provide flight reinsurance covering LaMia. *The flight reinsurance policy was enforceable and in effect at the time of the subject accident.* Tokio Marine has refused to provide coverage and has otherwise refused to meet its obligations under the flight insurance policy.

*Id.* at ¶ 213 (emphasis added).

Also, on August 11, 2020, Plaintiffs filed a Motion to Join Liability Insurers, BISA and Tokio Marine, to Final Judgments ("**Motion to Join**").  Plaintiffs moved "pursuant to Fla. Stat. § 627.4136, to join Defendant LaMia's liability carriers, [BISA and Tokio Marine Kiln], *as party defendants for the purpose of entering final judgment….*"  *See* Motion to Join, attached hereto

as **Exhibit B**, at p. 1 (emphasis added).

The Motion for Leave and Motion to Join are set for hearing in the State Court Case, for Tuesday, September 1, 2020 at 2:30 p.m. *See* Notice of Hearing attached hereto as **Exhibit C**.

Prior to the filing of the Motion for Leave and Motion to Join, Tokio Marine Kiln had never been named and never appeared in the State Court Case. Moreover, Tokio Marine Kiln has yet to be served with the Third Party Complaint in the State Court Case and Plaintiffs have filed no certificates of service of summons on any of the parties that Plaintiffs seek to add as defendants. Tokio Marine Kiln is otherwise in receipt of the Motion for Leave attaching the Third Party Complaint, the Motion to Join, and the Notice of Hearing as a result of the fact that said filings have been made public by Plaintiffs in the State Court Case and are otherwise publicly available.

## II.   STATEMENT OF GROUNDS FOR REMOVAL

Removal of this action is appropriate based on this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Removal of a state court action is appropriate if "the district courts of the United States have original jurisdiction," such as here, where Federal law completely preempts Plaintiffs' state law claims. 28 U.S.C. § 1331. The Convention for the Unification of Certain Rules For International Carriage by Air, Done at Montreal, opened for signature May 28, 1999, S. Treaty Doc. No. 106-45, at 27(2000), 2242 U.N.T.S. 350 (**"Montreal Convention"**), "applies to all international carriage of persons, baggage or cargo performed by aircraft for reward." *See* Montreal Convention art.1.1.[2] The term "international carriage" is defined in Article

---

[2]      *See also El Al Israel Airlines, Ltd. v. Tseng,* 525 U.S. 155, 175 (1999) (holding that Warsaw Convention, the predecessor treaty to the Montreal Convention, "precludes a passenger from maintaining an action for personal injury damages under local law when her claim does not satisfy the conditions for liability under the Convention."). The Montreal Convention replaced the Warsaw Convention. However, decisions interpreting the Warsaw Convention are routinely applied to cases involving the Montreal Convention. *Baah v. Virgin Atlantic Airways, Ltd.,* 473 F. Supp. 2d 591 (S.D.N.Y. 2007); *Paradis v. Ghana Airways Ltd.,* 348 F. Supp. 2d 106 (S.D.N.Y.

8

1 as "any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transhipment, are situated either within the territories of two States Parties…." *Id.* at art. 1.2. As regards the international carriage of persons, Article 17 establishes the conditions under which the Montreal Convention will govern liability for damage sustained in case of death or bodily injury of a passenger, as follows:

> 1. The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Montreal Convention art. 17.1. Moreover, Article 37 of the Montreal Convention addresses the right of recourse against third parties. *Id.* at art. 37. The right of recourse in Article 37 has been found to encompass claims for indemnification and contribution against third parties. *See e.g.*, *AGCS Marine Ins. Co. v. Geodis Calberson Hungaria Logisztikai KFT*, No. 16-CV-9710, 2017 WL 7047383 (S.D. N.Y. 2017) (involving third party claims for indemnification under Montreal Convention and holding that right of recourse against third parties (including contribution and indemnification) is covered by Article 37 while right to damages is covered by Article 35).

"Both the Supreme Court and the Eleventh Circuit have made clear that the Montreal Convention "is the exclusive mechanism of recovery for personal injuries suffered on board an aircraft or in the course of embarking or disembarking from an airplane." *Vanderwall v. United Airlines, Inc.*, 80 F. Supp. 3d 1324, 1334 (S.D. Fla. 2015); *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11–cv–69–Orl–19GJK, 2013 WL 2152566 at *4, n.5 (M.D. Fla. Jan. 9, 2013) ("Article 24 of the Montreal Convention provides in relevant part: "In the carriage of passengers and baggage,

2004).

any action for damages, ***however founded***, can only be brought subject to the conditions and limits set out in this Convention." The Supreme Court of the United States has held ***that Article 24 provides a "rule of exclusivity"*** prohibiting suits under local laws even when a passenger cannot establish a covered air carrier's liability under the Montreal Convention.") (emphasis added); *Marotte v. American Airlines, Inc.,* 296 F.3d 1255, 1259 (11th Cir. 2002); *Ugaz v. American Airlines, Inc.,* 576 F.Supp.2d 1354, 1364 (S.D. Fla. 2008).   Given the Montreal Convention's "exclusive domain," any claim for personal injury suffered to which the Convention applies may not be veiled under state law. *Tseng,* 525 U.S. at 161, 174-75 ("the Convention's preemptive effect is clear").

In the present case, Plaintiffs' Third Party Complaint alleges injuries and fatalities resulting from the crash of Flight 2933 while it was traveling from Santa Cruz, Bolivia to Rionegro, Colombia. *See* Third Party Complaint at ¶ 110. Both Bolivia and Colombia are signatory countries (State Parties) to the Montreal Convention. Thus, Plaintiffs' state law claims against Tokio Marine Kiln relating to the crash of Flight 2933, however founded, fall within the exclusive domain of the Montreal Convention and this Court has federal question jurisdiction thereof. *In re Air Crash Near Rio Grande Puerto Rico on Dec. 3, 2008,* No. 11–MD–2246–KAM, 2012 WL 760885, at *4 (S.D. Fla., Mar. 7, 2012) (holding that the Montreal Convention "controls because, based on the allegations, the flight crash involved an international flight, where the countries of origin and destination are signatories to the Montreal Convention."); *Moran v. American Airlines, Inc.*, NO. 10-80878-CIV-ZLOCH/ROSENBAUM, 2011 WL 13116533, at *7 (S.D. Fla. Feb. 17, 2011) (determining that "[b]ecause the Montreal Convention provides the exclusive cause of action for claims within its scope," ***Montreal Convention completely preempted Moran's state law claims*** and recommending that Moran's motion to remand be denied because Moran's claims arose under

the Montreal treaty and thus arose under federal law, "making American's removal of the action

proper") (Report and Recommendation adopted March 9, 2011 (Dkt. 20)); *Medina v. American*

*Airlines, Inc.,* No. 02-22133 CIV., 2006 WL 3663692, at *2 (S.D. Fla. Nov. 13, 2006) ("This Court

has jurisdiction pursuant to 28 U.S.C. § 1331(a) in that this is a civil action arising under the laws

and treaties of the United States, including Warsaw Convention, 49 U.S.C. § 1502 et. seq., and all

relevant laws applicable thereunder, thereby presenting a 'federal question.'"); *Garcia v. Aerovias*

*De Mexico, S.A.,* 896 F. Supp. 1216, 1218 (S.D. Fla. 1995) ("[T]he Warsaw Convention preempts

state law claims and provides an exclusive federal cause of action and remedy for cases involving

international air transportation."); *In re Air Crash at Lexington, Kentucky,* 501 F. Supp. 2d 902,

914 (C.D. Ky. 2007) (action governed by Montreal Convention was properly removed to federal

court).[3]

## III.   PROCEDURAL MATTERS

### A.   <u>Timing of Removal</u>

"The notice of removal of a civil action or proceeding shall be filed within 30 days after

the receipt by the defendant, ***through service or otherwise,*** of a copy of the initial pleading setting

forth the claim for relief upon which such action or proceeding is based, or within 30 days after

the service of summons upon the defendant if such initial pleading has then been filed in court and

is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. §

1446(b)(1) (emphasis added). Moreover, 28 U.S.C. § 1446(b)(3) states that: "Except as provided

in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal

---

[3]     Moreover, this Court has jurisdiction to determine whether the United States is a permissible forum for a claim governed by the Montreal Convention. *See, e.g., Wendelberger v. Deutsche Lufthansa AG*, No. 18-cv-01055-PJH, 2018 WL 2387858, at *3-4 (N.D. Cal. May 25, 2018). Tokio Marine Kiln therefore reserves its right to challenge whether the remedies sought by the Plaintiffs against Tokio Marine Kiln in this action can be properly pursued in the United States.

may be filed within 30 days after receipt by the defendant, ***through service or otherwise,*** of a copy

of an amended pleading, ***motion,*** order or other paper ***from which it may first be ascertained*** that

the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3) (emphasis added).

Removal of the State Court Case is proper because Tokio Marine Kiln is in receipt of the

Third Party Complaint since it was attached to Plaintiffs' Motion for Leave publicly filed in the

State Court Case. *See, e.g., Webster v. Sunnyside Corp.,* 836 F. Supp. 629, 630-631 (S.D. Iowa

1993) (court addressed question of whether plaintiff filing motion to amend "stating a theory based

on federal law" made case removable and held that (i) statute has "language that does not make

the commencement of the thirty-day period conditional on the motion being granted," and (ii) case

was removable based on motion to amend to add federal claim). *See also Martin v. Mentor Corp.*,

142 F. Supp. 2d 1346 (M.D. Fla. 2001) (30-day "clock" started upon receipt of written facsimile

notice that amount in controversy exceeded $75,000).

Tokio Marine Kiln also is in receipt of a pleading establishing the basis for removal because

independent of the Motion for Leave, Plaintiffs have filed a Motion to Join, wherein they are

seeking to join BISA and Tokio Marine Kiln ***as party defendants for purposes of entering a final***

***judgment*** pursuant to Fla. Stat. § 627.4136.  In other words, in the State Court Case, Plaintiffs are

seeking judicial intervention to join Tokio Marine Kiln in Judgments totaling approximately

$844,000,000.00, ***independent of and separate and apart from*** whether their Motion for Leave is

granted.[4]  Indeed, as demonstrated by the Notice of Hearing, Plaintiffs are moving forward with

---

[4]      Fla. Stat. § 627.4136(4) states, in pertinent part: "At the time a judgment is entered or a
settlement is reached during the pendency of litigation, ***a liability insurer may be joined as a party***
***defendant for the purposes of entering final judgment*** or enforcing the settlement by the motion
of any party, ***unless the insurer denied coverage*** under the provisions of s. 627.426(2) or defended
under a reservation of rights pursuant to s. 627.426(2).  A copy of the motion to join the insurer
shall be served on the insurer by certified mail…."  (Emphasis added).  Tokio Marine Kiln can
represent to this Court, as it has advised Plaintiffs' counsel, that BISA denied coverage to LaMia

the Motion to Join, irrespective of not having served Tokio Marine Kiln with process in the State

Court Case. However, Tokio Marine Kiln is entitled to waive service of process and proceed with

removal at this time. *See, e.g., King v. United Way of Central Carolinas, Inc.*, No. 3:09CV 164,

2009 WL 2432699 (W.D.N.C. June 19, 2009).[5]  *See also Perimeter Lighting, Inc. v. Karlton,* 456

F. Supp. 355 (N.D. Ga. 1978).[6]

---

and that LaMia accepted the declinature of coverage, making § 627.4136(4) inapplicable on its face. Notwithstanding, Plaintiffs have sought a hearing on the Motion to Join under the statute.

[5]    In *King,* a wrongful employment termination case, the plaintiff filed notice in state court seeking additional time to file a complaint alleging claims under federal law. 2009 WL 2432699, at *1. The plaintiff also filed a verified motion for temporary restraining order and preliminary injunction. *Id.* The defendants received a copy of the plaintiff's filings, consented to service of process, and removed the action to federal court "two hours before a hearing was scheduled to be held" in the state court on the plaintiff's injunction motion. *Id.* The plaintiff sought to remand the case alleging that the defendants "removed it from state court prematurely, that is, prior to the filing of the Complaint." *Id.* at 2. Addressing the motion to remand, the magistrate judge posited the question as follows:

> More specifically, the question presented is whether the Plaintiff's Application for an Order extending time to file the Complaint, standing alone or taken in conjunction with the Plaintiff's Verified Motion for a Temporary Restraining Order and Preliminary Injunction, amounts to the "initial pleading" required by § 1446(b).

*Id.* The court answered the question in the affirmative, reasoning that both the application and injunction motion were premised on federal law claims and that "by seeking a hearing" on her injunction motion, the plaintiff sought relief in state court on her federal claim. *Id.* at *3. The court concluded: "When a plaintiff seeks injunctive relief in state court based on federal law, the action is removable to federal court even in the absence of a complaint." *Id.* The court cited the reasoning in the case of *Butts v. Hansen,* 650 F. Supp. 996, 998 (D. Minn. 1987):

> It is inescapable that this proceeding was pending in state court despite the absence of a complaint. ***Had defendants been required to wait for the plaintiffs to produce a complaint, they would have been deprived of their right to a federal forum during the temporary restraining order proceedings. Defendants' statutory right to removal would be subject to plaintiffs' whim.***

*Id.* (emphasis added) (Report and Recommendation adopted 2009 WL 2426303 (Aug. 5, 2009)).

[6]    In *Perimeter Lighting*, the plaintiff filed a motion for preliminary injunction, without first

As in *King*, *Butts*, and *Perimeter Lighting*, the Plaintiffs in the present case are seeking judicial intervention in state court. Moreover, the judicial intervention they seek in the state court could have as grave or graver consequences for Tokio Marine Kiln – entry of Judgments, totaling approximately $844,000,000.00, for claims arising out of international air transportation governed exclusively by the Montreal Convention. To hold otherwise would deprive Tokio Marine Kiln of its right to a federal forum during the proceedings regarding the Motion to Join and its statutory right to removal would be subject to Plaintiffs' whim. Thus removal is entirely proper.

**B.    Consent to Removal**

Courts generally interpret 28 U.S.C. § 1446 to require unanimous consent to removal by all defendants who have been served. *Getty Oil, Div. of Texaco v. Ins. Co. of North Am.,* 841 F.2d 1254, 1263 (5th Cir. 1988); *Russell Corp. v. American Home Assur. Co.*, 264 F. 3d 1040, 1044 (11th Cir. 2001). Here, the State Court docket is devoid of evidence that any putative defendant has been served. Moreover, one of the exceptions "to the unanimity rule provides that 'nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal.'" *See Hoar Constr., LLC v. Markel Serv., Inc.*, 1:17-CV-24144-KMM, 2018 WL 8260864, at *3 (S.D. Fla. Feb. 21, 2018).

As of the time of filing, neither AON nor BISA have been served, John Does 1-25 have not even been identified, and the underlying defendants, LaMia, Kite, Rocha Venegas, and

---

filing a complaint, and subsequently received the requested relief. *Id.* at 356, 359. The suit, as argued at the motion for preliminary injunction hearing, would have been removable based on diversity jurisdiction, but the plaintiff filed a second complaint--on the same day the removal documents were filed--that included non-diverse parties. *Id.* The court relied upon the suit as argued at the hearing in denying remand and noted that subjecting the defendant to an injunctive order, while denying defendant the right to removal, would be to "defeat the removal statute's purpose and allow a plaintiff to keep an action, otherwise removable, in the state court even after the state court had exercised its power by enjoining the defendant." *Id.* at 359.

Albacete Vidal, against whom the Judgments were entered are nominal.  Therefore, there is no party whose consent is required for this removal.  *Id.* ("In this Circuit, "[t]he ultimate test [of whether a defendant is nominal]... is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff.").  These Plaintiffs are seeking relief from Tokio Marine Kiln specifically based on the absence of the underlying defendants – seeking to extend the reach of Judgments obtained by Plaintiffs.

### C.    Removal is Proper to this Court

Removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) because this action is being removed from the state court in which it was originally filed, the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the District Court of the United States for the district and division in which such action is pending, the Southern District of Florida.

Tokio Marine Kiln will file a Notice of Filing Notice of Removal pursuant to 28 U.S.C. Section 1446(d) with the Clerk of the Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida and will give written notice thereof to all parties.  A copy of the Notice of Filing is attached hereto as **Exhibit D**.  Tokio Marine Kiln contemporaneously files a copy of the state court's record with the Clerk of this Court in compliance with 28 U.S.C. § 1447(b).

This Notice of Removal has been timely filed and, other than for the waiver of service of process, without waiver by Putative Defendant TOKIO MARINE KILN SYNDICATES LIMITED, pursuant to 28 U.S.C. Section 1446(b), as it has been filed prior to service of the Third Party Complaint on Tokio Marine Kiln.

Respectfully submitted,

Dated this 31st day of August, 2020.　　**DLA PIPER LLP (US)**

By: */s/ Lida Rodriguez Taseff*
　　　Lida Rodriguez-Taseff
　　　Florida Bar No. 039111
　　　**DLA PIPER LLP (US)**
　　　200 South Biscayne Boulevard
　　　Suite 2500
　　　Miami, Florida 33131
　　　Phone:  305-423-8525
　　　Fax:  305-675-7885
　　　Email: lida.rodriguez-taseff@dlapiper.com
　　　　　　dawn.perez@dlapiper.com

　　　J. Trumon Phillips
　　　Florida Bar No. 84568
　　　**DLA PIPER LLP (US)**
　　　3111 W. Dr. Martin Luther King Jr. Blvd.
　　　Suite 300
　　　Tampa, Florida 33607-6233
　　　Phone:  813-229-2111
　　　Fax:  813-229-1447
　　　Email: trumon.phillips@dlapiper.com
　　　　　　sheila.hall@dlapiper.com

　　　Aidan McCormack
　　　*(Admission Pro Hac Vice to be filed)*
　　　**DLA PIPER LLP (US)**
　　　1251 Avenue of the Americas
　　　27th Floor
　　　New York, NY 10020-1104
　　　Phone:  212-335-4750
　　　Fax:  917-778-8750
　　　Email:  aidan.mccormack@dlapiper.com

*Attorneys for Putative Defendant TOKIO MARINE
KILN SYNDICATES LIMITED*

16

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY on August 31, 2020, a true and correct copy of this document was electronically filed with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served via email upon:

Steven C. Marks
smarks@podhurst.com
Kristina M. Infante
kinfante@podhurst.com
PODHURST ORSECK, P.A.
One S.E. 3rdAvenue, Suite 2300
Miami, FL 33131
Phone: (305) 358-2800
Fax: (305) 358-2382
*Attorneys for Plaintiffs*

Marco Antonio Rochas Venegas
marv_0405@hotmail.com
4850 S.W. 63rd Terr.
Apt. 413
Davie, FL 33314
*Pro Se Defendant*

*/s/ Lida Rodriguez-Taseff*
Lida Rodriguez-Taseff
Florida Bar No. 39111

17