### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-23631-UU

PRISCILA ELEN DE SOUZA LIMA
as Personal Representative of the Estate
of AILTON CESAR JUNIOR ALVES
DA SILVA, deceased, et al.,

      Plaintiffs,

v.

LINEA AEREA MERIDA
INTERNACIONAL DE
AVIACION d/b/a LAMIA CORP.
S.R.L., a foreign corporation, et al.,

      Defendants.

_____/

### ORDER

THIS CAUSE having come before the Court on Plaintiffs' Motion to Stay Pending Resolution of Plaintiffs' Forthcoming Motion to Remand (D.E. 11) (the "Motion").

THE COURT has considered the Motion, pertinent portions of the record, and is otherwise fully advised in the premises.

Plaintiffs filed their complaint with the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County Florida on November 27, 2018. D.E. 1-1 at 13. The state court case arose out of the November 28, 2016 crash of LaMia Flight 2933 ("Flight 2933"), which originated in Santa Cruz, Bolivia, with the ultimate destination of Rionegro, Colombia. D.E. 1-1 at 36 ¶¶ 109–110. Flight 2933 was carrying the Brazilian Chapecoense soccer team. *Id*. The plane descended into the mountainous region near Medellin, Colombia, where it crashed, killing 71 individuals and injuring 6 others on board. *Id.* at 38 ¶ 125. Flight 2933 was allegedly operated by

1

Defendant LaMia. *Id.* at 36 ¶ 108. Plaintiffs represent 43 of the individuals who were injured or killed in the accident.

On or about August 11, 2020, Plaintiffs filed a Motion for Leave to File Third-Party Complaint and Motion to Join Liability Insurers to Final Judgments in the state court case, attaching a proposed Third-Party Complaint, which asserts causes of action against three new putative defendants as "insurers, reinsurers, and insurance brokers involved in placing the subject flight insurance policy that covered the Plaintiffs' claims arising out of the crash of LaMia Flight 2933": Tokio Marine Kiln, BISA Seguros y Reaseguros, S.A. ("BISA"), and AON Limited UK. ("AON") (collectively, the "Insurers"), along with John Does 1–25. D.E. 9 at 5–6. Tokio Marine Kiln removed the case to this Court on August 31, 2020,[1] arguing that the Montreal Convention— a treaty governing primarily international commercial aviation flights—governs Plaintiffs' state law-based coverage and bad faith claims against Tokio Marine Kiln, meaning that federal courts have exclusive jurisdiction over this matter. D.E. 1 at 8–11.

Plaintiffs argue that the bases for removal on which Defendants rely are erroneously cited, as will be fully explained in Plaintiffs' forthcoming motion to remand. D.E. 11 at 5. In the meantime, Plaintiffs request that the Court stay the resolution of other matters in this case until after a ruling on Plaintiffs' motion to remand the case to state court. *Id.* Tokio Marine opposes the Motion. D.E. 13.

It is well-established that a district court has the inherent authority to stay its own proceedings. *See, e.g., Landis v. North Am. Water Works and Elec. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[1] The other Insurers did not join in removal because they had not yet been properly served with the Third-Party Complaint. D.E. 1 at 14.

counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc*., 221 F.3d 1262, 1264 (11th Cir.2000) (evaluating district court's *sua sponte* stay of case pending resolution of a related foreign matter for abuse of discretion). "Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Lopez v. Miami-Dade Cty*., 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015) (quotations omitted).

"Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay." *Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, No. 10-21105-CIV, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)); *see also Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) ("While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." (internal quotations omitted)), *aff'd* 87 F. App'x 713 (11th Cir. 2013). Courts in this District routinely stay proceedings pending the resolution of a pending motion to remand. *See e.g.*, *Hill v. Nat'l Ins. Underwriters, Inc*., 12-62498-CIV, 2013 WL 11971265, at *1 (S.D. Fla. Aug. 7, 2013) ("Discovery in the abovestyled cause is hereby stayed pending resolution by the Court of the pending Motion To Remand."); *Cresthaven-Ashley Master Ass'n, Inc. v. Empire Indem. Ins. Co*., 9:19-CV-80959, 2020 WL 705209, at *2 (S.D. Fla. Feb. 12, 2020) (quoting Nankivil, 216 F.R.D. at 692) (internal quotation marks omitted) (stay "is appropriate if the Court finds that the Association's Dispositive Motion "appear[s] to be meritorious and truly case dispositive.").

Here, because Plaintiff's forthcoming challenge is one to this Court's jurisdiction, a brief stay is appropriate. Given the early stage in the proceedings, the Court finds that a brief stay will

not prejudice Defendants and will preserve time and resources on potentially unnecessary discovery. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion, D.E. 11, is GRANTED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand SHALL be filed by **October 19, 2020**. It is further

ORDERED AND ADJUDGED that this matter is STAYED until **October 19, 2020**. All deadlines in this case are HELD IN ABATEMENT.

DONE AND ORDERED in Chambers at Miami, Florida, this _21st___ day of September, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished to: All Counsel of Record