**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

PRISCILA ELEN DE SOUZA LIMA, as Personal
Representative of the Estate of AILTON CESAR
JUNIOR ALVES DA SILVA, deceased,                                   Civil Action No.:1:20-cv-23631-UU

BÁRBARA CALAZANS MONTEIRO, as
Personal Representative of the Estate of ANANIAS
ALOI CASTRO MONTEIRO, deceased,

GIRLENE CAMPINHO AZEVEDO
DOMINGUES, as Personal Representative of the
Estate of BRUNO RANGEL DOMINGUES,
deceased,

ARIADINY PATRICYA WEBER, as Personal
Representative of the Estate of EMERSON FABIO
DIDOMENICO, deceased,

PATRÍCIA LUANA GROZA DA SILVA
GIMENEZ, as Personal Representative of the
Estate of GUILHERME GIMENEZ DE SOUZA,
deceased,

VALDÉCIA BORGES DE MORAIS PAIVA, as
Personal Representative of the Estate of JOSE
GILDEIXON CLEMENTE DE PAIVA, deceased,

AQUINOAN DE SOUSA CARVALHO, as
Personal Representative of the Estate of LUCAS
GOMES DA SILVA, deceased,

HÉLIO HERMITO ZAMPIER NETO,

ULRIKE OHLWEILER, as Personal
Representative of the Estate of ANDERSON
RODRIGUES PAIXAO DE ARAUJO, deceased,

DAIELLI FAUSTINO KEMITC DA SILVA, as
Personal Representative of the Estate of
MATHEUS BITENCOURT DA SILVA, deceased,

GRAZIELE DE AQUINO ALVES VIEIRA, as
Personal Representative of the Estate of TIAGO
DA ROCHA VIEIRA ALVES, deceased,

JAKSON RAGNAR FOLLMANN,

SUELLEN NERY DOS SANTOS, as Personal
Representative of the Estate of MARCELO
AUGUSTO MATHIAS DA SILVA, deceased,

ROSÂNGELA MARIA DOS SANTOS SILVA
LOUREIRO, as Personal Representative of the
Estate of CLEBER SANTANA LOUREIRO,
deceased,

SUSANA RIBAS PEREIRA DE JESUS, as
Personal Representative of the Estate of WILLIAN
THIEGO DE JESUS, deceased,

ALINE PENTEADO PEREIRA MACHADO, as
Personal Representative of the Estate of FILIPE
JOSE MACHADO, deceased,

VENELANDA DUMKE, as Personal
Representative of the Estate of ANDERSON
ROBERTO MARTINS, deceased,

LETÍCIA DOS ANJOS GABRIEL, as Personal
Representative of the Estate of MARCOS DANILO
PADILHA, deceased,

PAULINHO GOBBATO, as Personal
Representative of the Estate of RAFAEL CORREA
GOBBATO, deceased,

LUIZ MAURO GROHS, as Personal
Representative of the Estate of LUIZ FELIPE
GROHS, deceased,

JUSSARA ERISCO, as Personal Representative
of Estate of RAFAEL VALMORBIDA, deceased

GRACIELA MISSEL, as Personal Representative
of the Estate of MARCIO BESTENE KOURY,
deceased,

ILKA APARECIDA LABES PEIXOTO, as
Personal Representative of the Estate of DELFIM
PADUA PEIXOTO, deceased,

2

SANDRA JACQUELINE MADRID LUCAS
CASTILLO, as Personal Representative of the
Estate of ANDERSON DONIZETI LUCAS,
deceased,

DICLEIA JOHANN DE JESUS, as Personal
Representative of the Estate of SERGIO LUIZ
FERREIRA DE JESUS, deceased,

AMANDA DOS SANTOS MACHADO, as
Personal Representative of the Estate of DENER
ASSUNCAO BRAZ, deceased,

ALAN RUSCHEL,

ANA CLAUDIA SEVERO, as Personal
Representative of the Estate of EDUARDO LUIS
PREUSS, deceased,

FABIENNE BELLE, as Personal Representative of
the Estate of LUIS CESAR MARTINS CUNHA,
deceased,

EZIQUIELA CALDERON GALIOTTO, as
Personal Representative of the Estate of GELSON
GALIOTTO, deceased,

CRISTIANI VICENTINI, as Personal
Representative of the Estate of RENAN CARLOS
AGNOLIN, deceased,

FERNANDA AMORIM DE ABREU, as Personal
Representative of the Estate of ARTHUR
BRASILIANO MAIA, deceased,

MAURI ANTONIO DA SILVA, as Personal
Representative of the Estate of BRUNO MAURI
DA SILVA, deceased,

ADRIANA DE OLIVEIRA SAROLI, as Personal
Representative of the Estate of LUIZ CARLOS
SAROLI, deceased,

SUELI SALETE DE CASTRO, as Personal
Representative of the Estate of EDUARDO DE

3

CASTRO, deceased,

XIMENA SUAREZ OTTERBURG,
RAQUEL DONAIDE CORONEL BENAGAS, as
Personal Representative of the Estate of
GUSTAVO FELICIANO ENCINA NUNEZ,
deceased,

ELIZETH ANDREINA SANDOBAL
GONZALEZ, as Personal Representative of the
Estate of ANGEL EDUARDO LUGO UGAS,
deceased,

OVIEDO VON BORRIES CABALLERO, as
Personal Representative of the Estate of SISY
GABRIELA ARIAS PARAVICINY, deceased,

EDWIN TUMIRI CHOQUE,

PAMELA JUSTINIANO PEDRAZA as Personal
Representative of the Estate of ROMMEL DAVID
VACAFLORES TERRAZAS, deceased,

FLORA TARQUI AVILA as Personal
Representative of the Estate of ALEX RICHARD
QUISPE GARCIA, deceased,

LUCAS CASAGRANDE DAL BELLO as
Personal Representative of the Estate of MAURO
LUIZ DAL BELLO, deceased,

     Plaintiffs,

v.

LINEA AEREA MERIDA INTERNACIONAL DE
AVIACION d/b/a LAMIA CORPORATION
S.R.L., a foreign corporation, KITE AIR
CORPORATION LTD., a foreign corporation,
MARCO ANTONIO ROCHA VENEGAS,
RICARDO ALBERTO ALBACETE VIDAL,[1]

     Defendants.

---

[1]     The caption that Tokio Marine has used in this federal action is inaccurate.  AON, BISA Seguros, Tokio Marine, and the John Doe insurance entities are not presently parties to the state court action.

## PLAINTIFFS' MOTION FOR REMAND

Plaintiffs move this Court for the entry of an Order remanding this case to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## INTRODUCTION

This case comes to this Court in an unusual procedural posture. Tokio Marine Kiln—a reinsurance company that is presently *a non-party* in the underlying state court lawsuit—has preemptively removed a not-yet-filed third-party complaint the Plaintiffs intend to bring against it and other non-parties, which asserts claims for insurance coverage and bad faith. Plaintiffs, so far, have merely *moved for leave to amend* their complaint to name these non-parties, including Tokio Marine, as defendants. But Tokio Marine voluntarily appeared in the state court case before it was even named a party, and then it removed the case the day before the hearing on Plaintiffs' motion for leave to amend (and thus, before the new complaint was deemed filed). Tokio Marine, therefore, is not a named party in the still-operative complaint filed two years ago, and final judgment has been entered as to all the defendants who were originally named.

Putting aside the unorthodox procedural maneuvering that brought Plaintiffs' not-yet-filed complaint to this Court's attention, Tokio Marine's asserted grounds for removal of Plaintiffs' state-law insurance claims—that Plaintiffs' claims against insurance companies are preempted by the Montreal Convention—does not hold water. The Montreal Convention applies only to cases brought by *passengers against airlines*. Here, Plaintiffs have settled and obtained final judgments on all claims they previously asserted against the airline; and the airline never attempted to remove the case during years of litigation before settling. The only claims left are Plaintiffs' not-yet-filed claims for insurance coverage, bad faith, and negligence *against insurance entities*. Plaintiffs' anticipated complaint against Tokio Marine and other non-parties raises no federal question.

## FACTS AND PROCEDURAL POSTURE

This matter arises out of the November 28, 2016 crash of LaMia Flight 2933.  The plane was carrying the Brazilian Chapecoense soccer team, team staff, sports journalists, and others. The plane descended into the mountainous region near Medellin, Colombia, where it crashed, killing 71 individuals and injuring 6 others.  Plaintiffs represent 43 of the individuals who were injured or killed in the accident.

The Plaintiffs filed their original Complaint on November 27, 2018.  They brought suit in the Circuit Court in Miami-Dade County Florida against the operator of the subject flight (LaMia), the owner of the operation (Kite Air), and two principals at LaMia (Marco Antonio Rocha Venegas and Ricardo Alberto Albacete Vidal).  Early this year, Plaintiffs reached a global settlement with all four defendants.  The settlement agreements were so-called "Coblentz Agreements," whereby LaMia admitted liability and consented to negotiated judgments for all 43 Plaintiffs in exchange for Plaintiffs' covenants not to execute on the judgments against the four defendants.  The court in the underlying state-court case enforced the settlements and entered final judgments in all 43 cases on August 11, 2020.  On September 11, 2020, thirty days ran from the entry of the judgments without any appeal taken.  The judgments, therefore, are final and non-appealable.  There are no tort claims pending in state court against LaMia arising out of the crash of LaMia Flight 2933.

On the same day final judgments were entered against the originally named defendants, on August 11, Plaintiffs filed a motion for leave to file a second amended third-party complaint to assert claims against LaMia's liability insurance carrier (BISA Seguros y Reaseguros, S.A.), the reinsurance carrier (Tokio Marine), the insurance broker that Plaintiffs allege negligently procured insurance for the subject flight (AON UK Limited), and various John Doe insurance entities subscribed to the flight insurance policies.  The Plaintiffs, having secured final judgments and

assignments of rights pursuant to Coblentz agreements with LaMia, intend to seek to collect on the judgments from the insurance entities. The proposed amended complaint adds state-law claims for insurance coverage, bad faith, and negligent procurement of insurance against the proposed defendant insurance entities. None of these claims are governed or affected in any way by the Montreal Convention (which applies only to cases between passengers and airlines). And the state court will not be required to rely on the Montreal Convention in determining whether the insurance entities engaged in negligent procurement of insurance, bad faith conduct toward their insureds, and whether insurance benefits are owed on the flight insurance policies.[2]

The day before a hearing was held on Plaintiffs' Motion to Amend, on August 31, Tokio Marine (still a non-party) filed a Notice of Removal, removing the case to this Court and indicating that it had become aware of Plaintiffs' Motion to Join and Motion for Leave.[3] In support of removal, Tokio Marine claims that the Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal, opened for signature May 28, 1999, S. Treaty Doc, No. 106-45, at 27(2000), 2242 U.N.T.S 350 ("Montreal Convention") completely preempts Plaintiffs' proposed claims. For the reasons explained below, this is incorrect. The Montreal Convention does not apply to any claims still-pending in the state court action or any of those claims Plaintiffs intend to assert against insurance entities. ***No court has ever held*** that an insurance coverage or bad faith claim for recovery of insurance proceeds is preempted by the

---

[2]     That same day, Plaintiffs also moved to join ("Motion to Join") BISA and Tokio Marine, pursuant to Fla. Stat. § 627.4136(4), which states "[a]t the time a judgment is entered or a settlement is reached during the pendency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by the motion of any party . . . ."

[3]     The state court still has not ruled on Plaintiffs' Motion for Leave to Amend or on their Motion to Join the insurance companies in the judgments. The caption Tokio Marine has used in this federal action, therefore, is inaccurate. Tokio Marine, BISA, AON, and the John Doe defendants are not presently parties to this litigation.

Montreal Convention, and the plain text of the treaty forecloses such a far-reaching interpretation. This is not a case involving any federal question, and the case should be remanded to state court—where it has been pending for nearly two years—for further resolution and disposition.

## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), defendants may remove a state-court action to the encompassing federal district court only if "the district courts of the United States have original jurisdiction" over the case.  28 U.S.C § 1441(a).  Federal district courts have original jurisdiction under federal question jurisdiction, over "all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.  Specifically, "a case . . . may be removed based on federal question jurisdiction 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law."  *Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.,* 182 F.3d 851, 854 (11th Cir. 1999) (quoting *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908)).

## ARGUMENT

The Montreal Convention "applies to all international carriage of persons, baggage or cargo performed by aircraft for reward."  Montreal Convention art. 1.1.  Article 1.2 of the Montreal Convention defines "international carriage" as "any carriage in which, according to the agreement between ***the parties***, the place of departure and the place of destination, whether or not there be a break in the carriage or a transhipment, are situated either within the territories of two States Parties . . . ." *Id*. at art. 1.2. (emphasis added).  Article 17 establishes the ***liability of the carrier*** (also known as the "airline" or "operator") regarding the "international carriage of persons" specifically stating "***[t]he carrier is liable*** for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the

aircraft or in the course of any of the operations of embarking or disembarking." *Id*. at art. 17.1 (emphasis added). The proposed insurance defendants here are an insurance company, a reinsurance company, and an insurance broker—***not carriers***.  Put simply, because the proposed defendants are not carriers, the Montreal Convention does not apply, and the treaty does not preempt Plaintiffs' coverage and bad faith claims against Tokio Marine.

Many courts have held that claims not within the scope of the Montreal Convention can and should be remanded when the claims arise under local law.  Tokio Marine cited one of these cases in their Notice of Removal, wrongly asserting that "[t]he right of recourse in Article 37 has been found to encompass claims for indemnification and contribution against third parties."  To support this claim, Defendant cites *AGCS Marine Ins. Co. v. Geodis Calberson Hungaria Logisztikai KFT*, 2017 WL 7047383 (S.D.N.Y. 2017). Tokio Marine, however, seemingly misunderstood case.  In *AGCS Marine*, one carrier-defendant sued other "actual carriers" (the third-party defendants), seeking damages, contribution, and indemnification for claims that computer equipment had been damaged during a cargo flight from Europe to the United States. First, there was no dispute that the third-party defendants were "actual carriers" and subject to the rules of the Montreal Convention "solely for the carriage which [they] perform[]"). *See id.* (quoting Montreal Convention, art. 40).  In other words, the third-party defendants were not insurance entities like the proposed defendants, which are definitionally outside the scope of the treaty.

Second, The *AGCS Marine* court held, quite literally, ***the opposite*** of what Defendants assert, explaining that while "claims against Third-Party Defendants are plainly barred to the extent that they seek damages for alleged negligence . . . . an action for indemnification and contribution . . . is governed by local law rather than the Montreal Convention." *Id*. at *5.  The Court therefore held that while the Montreal Convention definitively applies to "damages for

alleged negligence" as expressed in Article 17.1, the Montreal Convention does not explicitly cover claims for indemnification and contribution, and therefore, these claims may be brought after the two-year limitation provided in Article 35.  Indeed, the court in *AGCS Marine Ins. Co,* relied on a case from the Ninth Circuit when concluding that claims for indemnification and contribution do not fall under the Montreal Convention.  In  *Chubb Ins. Co. of Europe S.A. v. Menlo Worldwide Forwarding, Inc.*, 634 F.3d 1023, 1026 (9th Cir. 2011), the court held that "while the Montreal Convention does not create a cause of action for indemnification or contribution among carriers, it does not preclude such actions as may be available under local law."  Similarly, here, while the Montreal Convention does not create a cause of action for coverage and bad faith, it does not preclude Plaintiffs from bringing these actions under local law.

Additionally, courts have also held the Montreal Convention does not apply in other contexts besides indemnification and contribution claims.  Specifically, one court held that the Montreal Convention did not apply to a breach of contract claim because, while "an action for damages" it did not "fall[] within one of the Convention's three damage provisions." *Atia v. Delta Airlines, Inc.*, 692 F. Supp. 2d 693, 699 (E.D. Ky. 2010). The court explained:

> The Montreal Convention establishes ***a presumption of liability <u>against air carriers</u> for three categories of damages*** arising out of the international carriage of passengers or goods. Article 17 provides carrier liability for the death or bodily injury of a passenger, or the destruction, loss of, or damage to her baggage provided that the harm "took place on board the aircraft or in the course of any of the operations of embarking or disembarking."  Article 18 provides carrier liability "for damage sustained in the event of the destruction or loss of, or damage to, cargo upon condition only that the event which caused the damage so sustained took place during the carriage by air."  Finally, Article 19 provides carrier liability "for damage occasioned by delay in the carriage by air of passengers, baggage or cargo."

*Id*. (internal citations omitted) (emphasis added). The court therefore concluded that a carrier's total non-performance of a contract did not fall under any of the three categories, distinguishing article 19's coverage for delay from a total non-performance. *See also Nankin v. Cont'l Airlines,*

*Inc.*, 2010 WL 342632, at \*7 (C.D. Cal. Jan. 29, 2010) ("Based on plaintiffs' allegations, it clearly appears that, through its employees, Continental refused to perform the contract.  The Montreal Convention is thus not applicable to plaintiffs' claims.").

The court in *Jensen v. Virgin Atl.*, 2013 WL 1207962, at \*4 (N.D. Cal. Mar. 25, 2013) sums this situation up perfectly: "while the Montreal Convention's exclusivity provisions may preempt state laws, claims falling outside of its scope may be brought under state law if state law gives rise to a cause of action."  The court in Jensen also explained "not all damage actions related to international air travel arise under the Montreal Convention."  *Id*.  Likewise, the damages sought against the Defendants are not for any of the three damage prongs outlined in the Montreal Convention.  Instead, plaintiffs seek damages for coverage and bad faith ***against insurers, not carriers***.

The Montreal Convention mentions nothing regarding a plaintiff's right to sue insurers for coverage or bad faith. *See Masudi v. Brady Cargo Services, Inc.*, 12-CV-2391 DLI, 2014 WL 4416502, at \*6 (E.D.N.Y. Sept. 8, 2014) (holding plaintiff may not sue defendant for failure to maintain adequate insurance under Article 50 of Montreal Convention because plaintiff had no standing under Montreal Convention, as the Montreal Convention provides no relief in this situation).  Plaintiffs may therefore sue in state court because "claims falling outside of its scope may be brought under state law if state law gives rise to a cause of action."  *See Jensen v. Virgin Atl.*, 12-CV-06227 YGR, 2013 WL 1207962, at \*4.  Here, Plaintiffs claims are not for one of the three damage prongs and in fact are not for damages against carriers. Because the Montreal Convention does not apply to the Plaintiffs claims, the case should be remanded back to state court. The Plaintiffs' anticipated claims against the non-party insurance entities raise no federal question.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request this Court enter an Order of Remand remanding this case to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of October, 2020 a true and correct copy of this document was electronically filed with the Clerk of the Court using CM/ECF on Counsel of record for Defendants, Lida Rodriguez-Taseff, DLA Piper LLP, 200 South Biscayne Blvd., Suite 2500, Miami, Florida 33131, lida.rodriguez-taseff@dlapiper.com; J. Trumon Phillips, DLA Piper, LLP, 3111 W. Dr. Martin Luther King Jr., Blvd., Suite 300, Tampa, FL 33607, trumon.phillips@dlapiper.com; Aidan M. McCormack, DLA Piper LLP, 1251 Avenue of the Americas, 27th Floor, New York, NY 10020, aidan.mccormack@dlapiper.com; and Marco Antonio Rocha Venegas, 4850 S.W. 63rd Terr., Apt. 413, Davie, FL 33314, marv_0405@hotmail.com.

Respectfully submitted,

PODHURST ORSECK, P.A.

/s/   Kristina M. Infante
Steven C. Marks
Fla. Bar No. 516414
Email: smarks@podhurst.com
Kristina M. Infante
Fla. Bar No. 112557
Email: kinfante@podhurst.com
One S.E. 3rd Avenue, Suite 2300
Miami, FL 33131
Phone: (3050 358-2800 / Fax (305) 358-2382