**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

PRISCILA ELEN DE SOUZA LIMA, as Personal
Representative of the Estate of AILTON CESAR
JUNIOR ALVES DA SILVA, deceased,

Civil Action No.:1:20-cv-23631

BÁRBARA CALAZANS MONTEIRO, as
Personal Representative of the Estate of ANANIAS
ALOI CASTRO MONTEIRO, deceased,

GIRLENE CAMPINHO AZEVEDO
DOMINGUES, as Personal Representative of the
Estate of BRUNO RANGEL DOMINGUES,
deceased,

ARIADINY PATRICYA WEBER, as Personal
Representative of the Estate of EMERSON FABIO
DIDOMENICO, deceased,

PATRÍCIA LUANA GROZA DA SILVA
GIMENEZ, as Personal Representative of the
Estate of GUILHERME GIMENEZ DE SOUZA,
deceased,

VALDÉCIA BORGES DE MORAIS PAIVA, as
Personal Representative of the Estate of JOSE
GILDEIXON CLEMENTE DE PAIVA, deceased,

AQUINOAN DE SOUSA CARVALHO, as
Personal Representative of the Estate of LUCAS
GOMES DA SILVA, deceased,

HÉLIO HERMITO ZAMPIER NETO,

ULRIKE OHLWEILER, as Personal
Representative of the Estate of ANDERSON
RODRIGUES PAIXAO DE ARAUJO, deceased,

DAIELLI FAUSTINO KEMITC DA SILVA, as
Personal Representative of the Estate of
MATHEUS BITENCOURT DA SILVA, deceased,

GRAZIELE DE AQUINO ALVES VIEIRA, as
Personal Representative of the Estate of TIAGO
DA ROCHA VIEIRA ALVES, deceased,

1

JAKSON RAGNAR FOLLMANN,

SUELLEN NERY DOS SANTOS, as Personal Representative of the Estate of MARCELO AUGUSTO MATHIAS DA SILVA, deceased,

ROSÂNGELA MARIA DOS SANTOS SILVA LOUREIRO, as Personal Representative of the Estate of CLEBER SANTANA LOUREIRO, deceased,

SUSANA RIBAS PEREIRA DE JESUS, as Personal Representative of the Estate of WILLIAN THIEGO DE JESUS, deceased,

ALINE PENTEADO PEREIRA MACHADO, as Personal Representative of the Estate of FILIPE JOSE MACHADO, deceased,

VENELANDA DUMKE, as Personal Representative of the Estate of ANDERSON ROBERTO MARTINS, deceased,

LETÍCIA DOS ANJOS GABRIEL, as Personal Representative of the Estate of MARCOS DANILO PADILHA, deceased,

PAULINHO GOBBATO, as Personal Representative of the Estate of RAFAEL CORREA GOBBATO, deceased,

LUIZ MAURO GROHS, as Personal Representative of the Estate of LUIZ FELIPE GROHS, deceased,

JUSSARA ERISCO, as Personal Representative of Estate of RAFAEL VALMORBIDA, deceased

GRACIELA MISSEL, as Personal Representative of the Estate of MARCIO BESTENE KOURY, deceased,

ILKA APARECIDA LABES PEIXOTO, as Personal Representative of the Estate of DELFIM PADUA PEIXOTO, deceased,

SANDRA JACQUELINE MADRID LUCAS
CASTILLO, as Personal Representative of the
Estate of ANDERSON DONIZETI LUCAS,
deceased,

DICLEIA JOHANN DE JESUS, as Personal
Representative of the Estate of SERGIO LUIZ
FERREIRA DE JESUS, deceased,

AMANDA DOS SANTOS MACHADO, as
Personal Representative of the Estate of DENER
ASSUNCAO BRAZ, deceased,

ALAN RUSCHEL,

ANA CLAUDIA SEVERO, as Personal
Representative of the Estate of EDUARDO LUIS
PREUSS, deceased,

FABIENNE BELLE, as Personal Representative of
the Estate of LUIS CESAR MARTINS CUNHA,
deceased,

EZIQUIELA CALDERON GALIOTTO, as
Personal Representative of the Estate of GELSON
GALIOTTO, deceased,

CRISTIANI VICENTINI, as Personal
Representative of the Estate of RENAN CARLOS
AGNOLIN, deceased,

FERNANDA AMORIM DE ABREU, as Personal
Representative of the Estate of ARTHUR
BRASILIANO MAIA, deceased,

MAURI ANTONIO DA SILVA, as Personal
Representative of the Estate of BRUNO MAURI
DA SILVA, deceased,

ADRIANA DE OLIVEIRA SAROLI, as Personal
Representative of the Estate of LUIZ CARLOS
SAROLI, deceased,

SUELI SALETE DE CASTRO, as Personal
Representative of the Estate of EDUARDO DE

CASTRO, deceased,

XIMENA SUAREZ OTTERBURG,
RAQUEL DONAIDE CORONEL BENAGAS, as
Personal Representative of the Estate of
GUSTAVO FELICIANO ENCINA NUNEZ,
deceased,

ELIZETH ANDREINA SANDOBAL
GONZALEZ, as Personal Representative of the
Estate of ANGEL EDUARDO LUGO UGAS,
deceased,

OVIEDO VON BORRIES CABALLERO, as
Personal Representative of the Estate of SISY
GABRIELA ARIAS PARAVICINY, deceased,

EDWIN TUMIRI CHOQUE,

PAMELA JUSTINIANO PEDRAZA as Personal
Representative of the Estate of ROMMEL DAVID
VACAFLORES TERRAZAS, deceased,

FLORA TARQUI AVILA as Personal
Representative of the Estate of ALEX RICHARD
QUISPE GARCIA, deceased,

LUCAS CASAGRANDE DAL BELLO as
Personal Representative of the Estate of MAURO
LUIZ DAL BELLO, deceased,

      Plaintiffs,

v.

LINEA AEREA MERIDA INTERNACIONAL DE
AVIACION d/b/a LAMIA CORPORATION
S.R.L., a foreign corporation, KITE AIR
CORPORATION LTD., a foreign corporation,
MARCO ANTONIO ROCHA VENEGAS,
RICARDO ALBERTO ALBACETE VIDAL,

      Defendants.
_____/

4

## **REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND**

Tokio Marine's removal of this action is highly unusual and procedurally improper. Prior to removal, Plaintiffs moved the state court for leave to amend their Complaint. Specifically and as relevant here, Plaintiffs intend to allege breach of contract and insurance bad faith claims against Tokio Marine based on violations of its obligations to LaMia, its insured. LaMia was an original defendant to this action, but Plaintiffs have since settled their claims against LaMia, reached final judgments, and obtained an assignment of rights to pursue LaMia's claims against Tokio Marine.[1] At the time that Tokio Marine removed this action, Plaintiffs' motion for leave was still pending. In other words, at this time, Tokio Marine is a *non-party* to this action. For that reason alone, this case should be remanded.[2]

Moreover, Tokio Marine's removal is entirely without merit. Although Plaintiffs' proposed claims against Tokio Marine arise squarely under *state* law, Tokio Marine asserts that they are preempted by the Montreal Convention.[3] But neither the text of the Convention, nor *any*

---

[1]  This assignment of rights is commonly known as a "Coblentz agreement." *See Coblentz v. Am. Sur. Co. of New York*, 416 F.2d 1059 (5th Cir. 1969). In addition to Tokio Marine, Plaintiffs intend to assert similar and related claims against other putative defendants. *See* Mot. at 6–8 (detailing the procedural history of this action).

[2]  Although this Reply is primarily devoted to substantive arguments regarding the Montreal Convention, Plaintiffs also submit that Tokio Marine *cannot* properly remove this action because it is a non-party. The federal removal statute is clear that removal rights can only be exercised by a "defendant." *See* 28 U.S.C. § 1441. It's true that Plaintiffs contemplate naming Tokio Marine as a defendant in a future pleading, but it is not one now and never has been. And "removal jurisdiction based on an amended pleading arises only after the subsequent pleading becomes operative." *Desmond v. BankAmerica Corp.*, 120 F. Supp. 2d 1201, 1204 (N.D. Cal. 2000). A motion for leave to amend a complaint, therefore, is not a jurisdiction-triggering event. *See id.*; *see also Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (noting that § 1446(b) "speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by a state judge").

[3]  Specifically, the Convention for the Unification of Certain Rules for International Carriage by Air, signed in 1999 and ratified by the United States Senate in 2003.

*case* interpreting it, supports Tokio Marine's argument. The Montreal Convention outlines international airlines' liability to their *passengers* and cargo customers; it has *nothing* to say about the relationship between airlines and their insurers. Accordingly, Tokio Marine can cite *no authority* for its novel and far-reaching argument that the Convention preempts claims concerning insurers' violations of their obligations to insured airlines.

## ARGUMENT

### I. The Montreal Convention does not govern Plaintiffs' proposed claims against Tokio Marine.

Tokio Marine's Response Brief makes sweeping claims about the preemptive effect of the Montreal Convention. *See* Tokio Marine Br. at 10–15. But Tokio Marine confuses and misrepresents the Convention's scope and substantive provisions.

To clarify, the Montreal Convention establishes strict liability for airlines for three categories of damages typically suffered by passengers or cargo customers: (1) death or bodily injury, or loss of or damage to baggage, addressed in Article 17; (2) damage to cargo, addressed in Article 18; and (3) certain damages arising from a delay in carriage, addressed in Article 19. *See Weiss v. El Al Israel Airlines, Ltd.*, 433 F. Supp. 2d 361, 365 (S.D.N.Y. 2006) (discussing the scope of the Convention). In other words, the Montreal Convention *only* applies to claims falling

under one of these three categories of damages. Where none of these three categories applies, the Convention *does not* preempt the claims.[4]

Here, *none* of the three categories applies. As to Article 17, although Plaintiffs asserted claims for death or bodily injury against *other* defendants, those claims have been settled and have resulted in final judgments. The proposed claims against Tokio Marine—that is, the claims that Tokio Marine asserts are preempted by the Montreal Convention—are *not* personal injury or death claims. Rather, they concern Tokio Marine's violations of its obligations to LaMia. As to Articles 18 and 19, it is beyond reasonable dispute that this case does not concern alleged damage to cargo or a delay in carriage.

In short, the claims at issue here are *not* covered by the plaint text of the Convention. Tokio Marine does not—and cannot—cite to any provision of the Convention addressing insurance breach of contract or insurance bad faith. That alone is dispositive here because as Courts in this Circuit have observed, "preemption is not absolute, but instead extends no further than the Convention's own substantive scope." *Benjamin*, 32 F. Supp. 3d at 1316 (quotation omitted). Indeed, as outlined in more detail below, *no court* has *ever* held that the Montreal Convention extends to claims that an insurer violated its obligations to an airline.

---

[4] A small minority of federal courts have interpreted and applied the Convention somewhat more broadly. These courts have concluded that the Convention provides "complete preemption" of many or all claims arising out of international flights, regardless of the Convention's plain text. *See Benjamin v. American Airlines*, 32 F. Supp. 3d 1309, 1316 (S.D. Ga. 2014) (analyzing caselaw). However, a *majority* of courts have rejected this approach and correctly held that preemption extends *only* to the three categories of damages clearly outlined in the Convention's own substantive provisions. That includes courts in this Circuit. *See id.* Moreover, it bears emphasis that even in jurisdictions embracing the "complete preemption" approach, there is *no* support for Tokio Marine's argument that the Convention preempts claims arising out of an insurer's violation of its good-faith and contractual obligations to an airline.

7

**II.     Tokio Marine's arguments for the application of the Montreal Convention rest on gross distortions of the Convention and Plaintiffs' claims.**

In defiance of the Convention's text and the caselaw interpreting it, Tokio Marine contends that the Convention applies to Plaintiffs' proposed breach of contract and bad-faith claims. Specifically, Tokio Marine appears to contend that Plaintiffs' claims are preempted by Article 17, which concerns claims for bodily injury or death. This argument is without merit for several reasons.

First, to reiterate, Plaintiffs' proposed claims are *not* claims for bodily injury or death. Rather, they are claims for breach of contract and bad faith, arising out of Tokio Marine's violations of its obligations *to* LaMia, giving rise to damages suffered *by* LaMia.  Of course, Plaintiffs do not allege that any bodily injury or death has been suffered by LaMia, and to the extent that Plaintiffs had separate claims for wrongful death, those claims have been settled and resulted in final judgments.[5]

By virtue of the assignment of rights Plaintiffs acquired in the Coblentz agreement and their status as third-party beneficiaries of insurance policies that covered the subject accident, Plaintiffs may now "step into the shoes" of LaMia (the insured) and assert claims for insurance coverage, insurance bad faith, and negligent procurement of insurance against LaMia's insurers and insurance broker (the proposed defendants).  These proposed claims are not wrongful death or personal injury claims against a purported tortfeasor airline; they are insurance claims brought in the name of an insured against insurers that refused to cover a loss.  To be sure, the proposed

---

[5]     Settlements were reached and final judgments entered against all of the former defendants in the original state court action:  LaMia (the air carrier), Kite Air Corporation Ltd. (the aircraft owner), Marco Antonio Rocha Venegas (a LaMia principal/employee), and Ricardo Alberto Albacete Vidal (a LaMia principal/employee).  And the time to appeal those judgments has elapsed.  Those former parties, therefore, are no longer defendants in any pending action brought by Plaintiffs.

8

claims against Tokio Marine are in some sense *related* to Plaintiffs' already-resolved wrongful death claims against LaMia and other defendants. But a mere logical or procedural relationship between one type of claim—*e.g.*, insurance bad faith—and another type of claim—*e.g.*, personal injury—does not abrogate the distinction between those types of claims.

In other words, Tokio Marine's preemption argument relies on legal alchemy: transforming insurance breach of contract and bad faith claims into claims for personal injury. This sleight-of-hand pervades Tokio Marine's Response. *See*, *e.g.*, Tokio Marine Br. at 12–13 (discussing the Convention's application to claims for personal injury); *id.* at 15 (contending that the Convention applies to "any claim for personal injury"); *id.* at 18 (misleadingly suggesting that Plaintiffs "are asserting a classic wrongful death case" against Tokio Marine); *id.* at 21 (citing authorities for the proposition that the Convention preempts a "state-law negligence claim"). But such alchemy is not supported by any authority, much less in the specific context of the Montreal Convention.[6] Again, there is *no case* holding that insurance-coverage claims are preempted by the Montreal Convention.

Second, as to Plaintiffs' proposed breach of contract claims, Tokio Marine argues that "whether a breach of contract claims falls within Montreal Convention [sic] or is preempted by it, is dependent on a fact-specific analysis." *Id.* at 18. Even accepting this characterization of the law, it does <u>not</u> support Tokio Marine's argument. The inquiry in breach of contract claims may be fact-specific, but *every* case cited by Tokio Marine concerned a *very* different set of facts.

---

[6] To illustrate the far-reaching effects of Tokio Marine's arguments, it bears considering its application to a first-party breach of contract claim. By Tokio Marine's logic, if an airline filed suit against its insurer alleging that the insurer failed to properly defend or settle personal injury claims brought by passengers, such a case would also be preempted by the Montreal Convention. But *no court* has ever reached such a conclusion, and nothing in the Convention's text would support it.

9

Namely, every case cited by *Tokio Marine* concerned an *airline's* alleged violations of contractual obligations to its *passengers* or *customers*. *See id.* at 19 (citing cases). Moreover, many of these cases involved the alleged application of the Convention's delay-in-carriage provisions, which are outlined in Article 19. Here, in contrast, Article 19 is plainly inapplicable; indeed, Tokio Marine does not squarely invoke it. In short, Tokio Marine does not cite a *single* factually analogous case.[7]

Third, as to Plaintiffs' proposed bad faith claims, Tokio Marine makes no cognizable argument at all. Nor can it: to Plaintiffs' knowledge, no court anywhere has even entertained the notion that the Montreal Convention can preempt insurance bad-faith claims.

### III.    Tokio Marine misunderstands or misrepresents the authorities on which it relies.

Apparently finding no substantive support in the caselaw, Tokio Marine litters its response with misleading citations to inapposite cases. For example, Tokio Marine cites a number of cases for the dubious proposition that this Court can—and should—transform Plaintiffs' breach of contract and bad faith claims into personal injury claims for purposes of the preemption analysis. *See* Tokio Marine Br. at 19. But these cases do not support Tokio Marine's arguments. Among other things, the cases cited by Tokio Marine concerned lawsuits filed *by passengers against airlines*, in which the passenger asserted claims arising from injuries clearly covered by the Convention.

One of the cases cited by Tokio Marine is instructive, in part because it was reversed, a fact that Tokio Marine neglected to reflect in its Response. *See Thede v. United Airtlines*, 2018 WL 1569836 (N.D. Cal. Mar. 30, 2018), *rev'd*, 796 F. App'x 386 (9th Cir. 2020). In *Thede*, a

---

[7]    Moreover, *even* in those factually distinct cases, courts have held that the Convention does *not* preempt all breach of contract claims. *See Benjamin*, 32 F. Supp. 3d at 1317 ("By its plain language, Article 19 governs only claims for delay, not non-performance of a contract.").

passenger boarded a flight from Rome to San Francisco, had a heated argument with a flight attendant, and fell asleep. When the passenger awoke, he discovered that the flight had been diverted to Northern Ireland, where he was arrested and charged with assault based on his in-flight conduct and the flight attendants' statements to Northern Ireland law enforcement. *See* 2018 WL 1569836, at *1. The passenger sued the airline for breach of contract (for failing to fly him to San Francisco) and for malicious prosecution (based on the flight attendants' statements to law enforcement). *Id.* at *2. The district court dismissed the breach of contract claim without prejudice and dismissed the malicious prosecution claim with prejudice, concluding that it was preempted by the Montreal Convention.

The passenger appealed as to the malicious prosecution claim, and the Ninth Circuit reversed. Analyzing Article 17 of the Convention, the court explained that its preemptive effect "exists only so long as the plaintiff is still on the airplane, embarking onto the plane or disembarking from the plane." 796 F. App'x at 389 (citing *Eid v. Alaska Airlines*, 621 F.3d 858, 873 (9th Cir. 2010)). And in substantive part, the passenger's malicious prosecution claim was based on events that took place *on the ground*, such as the flight attendants' statements to law enforcement. In other words, even though the plaintiff's malicious prosecution claim was *logically related* to in-flight events and conduct, it largely arose from conduct that *did not* take place on board. Accordingly, it was not preempted by Article 17. *See id*.

Here, the argument for preemption is much weaker than in *Thebe*, because Plaintiffs' proposed claims against Tokio Marine arise *entirely* from conduct and injuries that did not take place on board. Among other things, the proposed claims concern Tokio Marine's conduct in drafting the relevant insurance policy, failing to comply with the terms of the policy, failing to adequately negotiate and settle Plaintiffs' claims against LaMia, and breaching its good-faith

11

obligations toward its insured.  The claims also concern economic losses suffered by LaMia on the ground, *years after* the subject flight.  None of Tokio Marine's relevant conduct took place in-flight, none of LaMia's injuries occurred in-flight, and none of LaMia's causes of action accrued in-flight.  As in *Thede*, the mere fact that these claims are *related* to an international flight does not bring them within the scope of the Montreal Convention.  In short, *Thede* instructs that Plaintiffs' claims here are not preempted by Article 17.

Tokio Marine's reliance on *Knowlton v. American Airlines*, 2007 WL 273794 (D. Md. Jan. 31, 2007) is also misplaced.  *Knowlton*, like virtually every case cited by Tokio Marine, concerned the Convention's preemption of claims *by passengers against airlines*.  Equally importantly, *Knowlton* embraced a so-called "complete preemption" interpretation of the Convention.  In essence, the "complete preemption" analysis suggests that the Convention may preempt claims *beyond* those covered by Articles 17, 18 and 19.  But Courts in this Circuit have correctly *rejected* the "complete preemption" analysis, heeding the Supreme Court's instruction that the preemptive effect of aviation conventions should extend "no further than the Convention's own substantive scope[.]" *Benjamin*, 32 F. Supp. 3d at 1316 (quoting *El Al Israel Airlines v. Tsui Yuan Tseng*, 525 U.S. 155, 172 (1999)).  And as noted above, Article 17 of the Convention plainly does *not* cover Plaintiffs' proposed claims for breach of contract and insurance bad faith.

**IV.      Tokio Marine's argument for supplemental jurisdiction is without merit.**

As an apparent alternative argument, Tokio Marine argues that this Court has—and should exercise—supplemental jurisdiction over Plaintiffs' proposed claims. *See* Tokio Marine Br. at 22–24. But Tokio Marine's argument is incomplete and difficult to parse.  As Tokio Marine notes, supplemental jurisdiction over state-law claims exists where those claims "arise out of a common nucleus of operative fact with the claims premised on federal jurisdiction." *See id.* at 22 (quoting *Great Am. Ins. Co. v. Pino Koaoba & Associates, Inc.*, 2008 WL 11333518, at *2 (S.D. Fla. Dec.

8, 2008)). But here, Plaintiffs' proposed amended complaint contains *no* claims "premised on federal jurisdiction." On the contrary, the proposed complaint asserts *only* state-law claims of negligence, wrongful death, breach of contract, and common-law bad faith.

Tokio Marine fails to squarely identify the purported federal claims that would support supplemental jurisdiction over Plaintiffs' proposed claims against Tokio Marine. Its cited authorities are inapposite, because those cases concerned state-law claims that shared a common factual basis with claims arising under federal *statutes*. *See All Underwriters Subscribing to Policy No. B0621MMILSYB15055 v. Rika Boats, Ltd.*, 2017 WL 1439944 at *7 (S.D. Fla. Jan. 20, 2017) (a federal declaratory judgment action); *O'Bannon v. Friedman's Inc.*, 437 F. Supp. 2d 490, 493 (D. Md. 2006) (an action arising under a federal civil rights statute).

Although Tokio Marine's Response does not make this clear, Plaintiffs can only surmise that Tokio Marine contends that Plaintiffs' negligence and wrongful death claims against *other* defendants would be preempted by the Montreal Convention. But Tokio Marine does not make a complete or cognizable argument regarding the applicability of the Convention to those claims. More importantly, those claims have been settled and reached final judgments. Accordingly, this Court *does not have jurisdiction* over those claims, and those claims *cannot* provide a basis for supplemental jurisdiction. And even if the claims had not been settled, Plaintiffs disagree with Tokio Marine that those claims would be preempted by the Montreal Convention.

## CONCLUSION

Tokio Marine's arguments regarding the Montreal Convention would stretch the Convention's reach far beyond its plain text, and far beyond what any court has previously recognized. These arguments should be rejected. Moreover, Tokio Marine's arguments regarding supplemental jurisdiction are vague, and in any event without merit. Finally, Tokio Marine is a

non-party and therefore lacks standing under the federal removal statute to remove this action. Accordingly, Plaintiffs respectfully request that this Court remand this action back to state court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of December, 2020 a true and correct copy of this document was electronically filed with the Clerk of the Court using CM/ECF on Counsel of record for Defendants, Lida Rodriguez-Taseff, DLA Piper LLP, 200 South Biscayne Blvd., Suite 2500, Miami, Florida 33131, lida.rodriguez-taseff@dlapiper.com; J. Trumon Phillips, DLA Piper, LLP, 3111 W. Dr. Martin Luther King Jr., Blvd., Suite 300, Tampa, FL 33607, trumon.phillips@dlapiper.com; Aidan M. McCormack, DLA Piper LLP, 1251 Avenue of the Americas, 27th Floor, New York, NY 10020, aidan.mccormack@dlapiper.com; and Marco Antonio Rocha Venegas, 4850 S.W. 63rd Terr., Apt. 413, Davie, FL 33314, marv_0405@hotmail.com.

Respectfully submitted,

PODHURST ORSECK, P.A.

/s/   Kristina M. Infante
Steven C. Marks
Fla. Bar No. 516414
Email: smarks@podhurst.com
Kristina M. Infante
Fla. Bar No. 112557
Email: kinfante@podhurst.com
One S.E. 3rd Avenue, Suite 2300
Miami, FL 33131
Phone: (305) 358-2800 / Fax (305) 358-2382