**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 20-23631-CIV-CANNON/Otazo-Reyes**

**PRISCILA ELEN DE SOUZA LIMA, as Personal
Representative of the Estate of Ailton Cesar Junior
Alves Da Silva, deceased,** *et al.***,**

      Plaintiffs,

v.

**LINEA AEREA MERIDA INTERNCACIONAL
DE AVIACION, a Foreign Corporation d/b/a LAMIA
CORPORATION S.R.L.,** *et al.***,**

      Defendants.

_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND AND CLOSING CASE**

**THIS CAUSE** came before the Court upon the Plaintiffs' Motion to Remand [ECF No. 15] (the "Motion"), filed on October 19, 2020. The Court has reviewed the Motion [ECF No. 15], the Response in Opposition filed by Putative Defendant Tokio Marine Kiln Syndicates Limited [ECF No. 20], the Plaintiffs' Reply [ECF No. 26], and the full record in this case. For the reasons set forth below, the Plaintiffs' Motion to Remand [ECF No. 15] is **GRANTED**.

**FACTUAL & PROCEDURAL BACKGROUND**

The Plaintiffs filed their Complaint against Defendants Linea Aerea Merida Internacional De Aviacion d/b/a LaMia Corporation S.R.L. ("LaMia"), Kite Air Corporation LTD, Marco Antonio Rocha Venegas, and Ricardo Alberto Albacete Vidal (collectively referred to as the "Original Defendants"), in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on November 27, 2018 [ECF No. 15, pp. 5-6]. The Complaint asserted that the Original Defendants, as corporate airline owners, flight operators, and principals, were liable to the estates

of the deceased Brazilian Chapecoense soccer team, team staff, sports journalists, and others who died onboard LaMia Flight 2933 when the aircraft crashed in a mountainous region near Medellin, Colombia [ECF No. 15, pp. 5-6]. Earlier this year, the Plaintiffs reached settlement agreements with the four Original Defendants [ECF No. 15, p. 6]. Those settlement agreements, so-called "Coblentz Agreements," provided that LaMia would admit liability for the LaMia Flight 2933 crash and consent to negotiated judgments with all forty-three Plaintiffs [ECF No. 15, p. 6]. In exchange, the Plaintiffs agreed not to execute on their judgments against the Original Defendants [ECF No. 15, p. 6]. The settlement agreements between the parties contained assignment provisions that permitted the Plaintiffs to assert entitlement over insurance proceeds that the Original Defendants would receive pursuant to any insurance policy in effect at the time of the LaMia Flight 2933 crash [ECF No. 15, p. 6]. The state court enforced those settlement agreements and entered final judgments as to all forty-three plaintiffs [ECF No. 15, p. 6]. The time to appeal those final judgments expired on September 11, 2020, and presently there are no pending claims against the Original Defendants [ECF No. 15, p. 6].

On August 11, 2020, the Plaintiffs filed a motion in state court seeking leave to file a Third Amended Third Party Complaint (the "Proposed Amended Complaint") against the following entities: (1) BISA Seguros y Reaseguros, S.A., LaMia's liability insurance carrier; (2) Tokio Marine Kiln Syndicates Limited ("Tokio Marine"), LaMia's reinsurance carrier; (3) AON UK Limited, LaMia's insurance broker that procured insurance for LaMia flight 2933; and (4) various John Doe insurance entities (the entities listed in paragraphs 1-4 above are collectively referred to as the "Putative Defendants") [ECF No. 1-1].[1] There is no dispute that the state court had not

---

[1] The exact counts directed at each Putative Defendant vary, but overall, the Proposed Amended Complaint asserts seven claims against the Putative Defendants for breach of contract to procure

2

yet granted the Plaintiffs' Motion for Leave to file the Proposed Amended Complaint by the time the Putative Defendants filed their Notice of Removal in this action.[2] Also, on August 11, 2020, in an effort to collect on the judgments secured against the Original Defendants, the Plaintiffs filed a Motion to Join the Putative Defendants to the final judgments entered against the Original Defendants [ECF No. 1-2].

On August 31, 2020—before the state court had ruled on the Plaintiffs' Motion for Leave to File a Third Amended Third Party Complaint or the Plaintiffs' Motion to Join the Putative Defendants—putative defendant Tokio Marine filed its Notice of Removal in this case, asserting federal question jurisdiction as the basis for federal subject matter jurisdiction [ECF No. 1, p. 8]. In Tokio Marine's view, removal is proper because the Plaintiffs' proposed claims against the Putative Defendants are preempted by the so-called Montreal Convention, which applies to "all international carriage of persons, baggage or cargo performed by aircraft for reward." *See* Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106–45, 1999 WL 33292734, at *29 (2000) [ECF No. 1, p. 10]. Tokio Marine also contends that, although the Plaintiffs have not yet filed their proposed claims in the underlying state court proceedings, the right to removal was triggered when Tokio Marine obtained the Proposed Amended Complaint through the state court's public online directory [ECF No. 1, p. 12].

---

insurance coverage, negligent failure to procure insurance coverage, and common law bad faith [ECF No. 1-1 ¶¶190-223].

[2] ECF No. 1, p. 8 ("Prior to the filing of the Motion for Leave and Motion to Join, Tokio Marine Kiln had never been named and never appeared in the State Court Case. Moreover, Tokio Marine Kiln has yet to be served with the Third Party Complaint in the State Court Case and Plaintiffs have filed no certificates of service of summons on any of the parties that Plaintiffs seek to add as defendants.").

On October 19, 2020, Plaintiffs filed their Motion to Remand in this action [ECF No. 15]. Plaintiffs make a point at the outset of the Motion to characterize the "unorthodox procedural maneuvering that brought Plaintiffs' not-yet-filed complaint to this Court's attention" [ECF No. 15, p. 5]. Plaintiffs then argue that remand is appropriate because (1) their Proposed Amended Complaint, which includes only state law claims against the Putative Defendants, does not raise a federal question; and (2) the proposed claims against the Putative Defendants are not preempted because the Montreal Convention applies only to cases brought by passengers against airlines—not to claims for insurance coverage, negligence, and bad faith against insurance entities, as is the case here [ECF No. 15, pp. 5, 8; ECF No. 26].

In opposing remand, Tokio Marine argues that removal is appropriate because (1) the Montreal Convention does not apply exclusively to disputes between passengers and carriers; (2) the Plaintiffs' proposed claims against the Putative Defendants fall within the scope of the categories of damages that are governed by the Montreal Convention; (3) the Plaintiffs rely on distinguishable cases that have interpreted the Montreal Convention's terms in inapplicable circumstances; and (4) the Court may exercise supplemental jurisdiction over the proposed claims against the Putative Defendants [ECF No. 20, pp. 10, 15, 17, 20, 22].

## DISCUSSION

The parties vigorously dispute the application of the Montreal Convention to this case, but remand is appropriate for two fundamental procedural reasons.

*First*, Tokio Marine cannot remove a case in which it has not actually been named as a defendant and brought under the state court's authority through formal process or other authority-asserting measure prior to filing its notice of removal. "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the

complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). As such, "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.*; *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 782 (11th Cir. 2005) ("[W]hen the complaint was filed, FDIC-Receiver had no removal right because it was not a named party and because it could not have been considered a party by attribution through its role as Goldome Bank's receiver.").

Tokio Marine attempts to overcome this procedural reality by citing to multiple out-of-circuit decisions in support of removal [ECF No. 1, p. 12], but its reliance on those cases is misplaced. In *Webster v. Sunnyside Corp.*, 836 F. Supp. 629 (S.D. Iowa 1993), for example, the district court held that a defendant's right to removal was triggered when a plaintiff filed a motion seeking leave to add new claims against a defendant against whom a complaint already had been filed in the state proceeding. *Id.* at 630-31. Here, by contrast, Tokio Marine was not an original defendant in the state court action, nor has it been brought officially into the state court action. Similarly, Tokio Marine cites to two district court decisions that permitted removal prior to the filing of a complaint [ECF No. 1, p. 13]. But in both of those cases, the plaintiffs already had sought emergency injunctive relief against the same defendants—so there was already a civil action pending against the defendants in the state cases, and defendants already were subject to authority-asserting measures in the state court. *See King v. United Way of Cent. Carolinas, Inc.*, No. CIV 3:09CV164MRDSC, 2009 WL 2432699, at *3 (W.D.N.C. June 16, 2009), report and recommendation adopted, No. CIV 3:09CV164, 2009 WL 2426303 (W.D.N.C. Aug. 5, 2009); *Perimeter Lighting, Inc. v. Karlton*, 456 F. Supp. 355, 358 (N.D. Ga. 1978). Here, as noted, Tokio Marine has not been subjected to any authority-asserting measure by the state court, and Plaintiffs'

5

Motion for Leave to Amend the Complaint has not been granted. Indeed, Tokio Marine has not been directed to appear for any purpose in the state court proceedings or to defend against any claim for relief. Accordingly, it is procedurally improper for Tokio Marine—a putative third party defendant—to preemptively remove this action without having been properly joined to the underlying state court proceedings.

*Second*, and more fundamentally, even if the state court had granted leave to file the Proposed Amended Complaint by the date of the notice of removal, third party defendants like the putative defendants in this case are not entitled to removal under the general removal statute. 28 U.S.C. § 1441. As the Supreme Court made clear in *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019), reh'g denied, 140 S. Ct. 17, 204 L. Ed. 2d 1172 (2019), the term "defendant" in 28 U.S.C. § 1441(a) "refers only to the party sued by the original plaintiff." *Id.* at 1746. The Eleventh Circuit recently applied that holding in *Bowling v. U.S. Bank Nat'l Ass'n, As Tr. for C-Bass Mortg. Loan Asset-Backed Certificates, Series 2007-SP2*, 963 F.3d 1030 (11th Cir. 2020), reaffirming the Supreme Court's decision that a defendant who is not a party to the original action may not remove a case under 28 U.S.C. § 1441(a) or (c). *Id.* (reversing denial of remand because a "third-party counterclaim defendant" is not a "defendant" who can remove under 28 U.S.C. § 1441(c)).

In this case, there is no dispute that Plaintiffs' original claims were not filed against Tokio Marine or the other Putative Defendants. Rather, after the Plaintiffs secured judgments against the Original Defendants, they sought leave to amend the state court complaint to assert claims against the Putative Defendants. If the state court had granted the Plaintiffs' motion for leave to file the Proposed Amended Complaint, the Putative Defendants would have been included in the controversy as third party defendants. But as the Supreme Court explained in *Home Depot*, such

third parties are not considered "defendants" under 28 U.S.C. § 1441(a). Accordingly, Tokio Marine would not be entitled to removal even if the state court had granted Plaintiffs' Motion Seeking Leave to file the Proposed Amended Complaint.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Plaintiffs' Motion to Remand [ECF No. 15] is **GRANTED.**

2. This case is **REMANDED** for disposition in the Eleventh Judicial Circuit Court in and for Miami-Dade County.

3. The Clerk is directed to **CLOSE** this case.

4. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Pierce, this 1st day of February 2021.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record